

Superior Court of the District of Columbia
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Filed
D.C. Superior Court
07/16/2018 18:35PM
Clerk of the Court

RGI Events & Public Relations, LLC
_____
Plaintiff
vs.

Al Qurm Management Consultancy
_____
Defendant

Case Number 2018 CA 004936 B

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Peter Anthony Jabaly
_____
Name of Plaintiff's Attorney

218 North Lee Street, Third Floor
_____
Address
Alexandria, Virginia 22314

703-209-2355
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date 7/16/2018

如需翻译，请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시요　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_SECRETARIO DEL TRIBUNAL_

Por: _____
Subsecretario

_____
Dirección

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4

Filed
D.C. Superior Court
07/13/2018 18:55BM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| RGI EVENTS & PUBLIC RELATIONS, LLC<br>413 8th Street Southeast<br>Second Floor<br>Washington, DC 20003<br><br>Plaintiff,<br><br>v.<br><br>AL QURM MANAGEMENT CONSULTANCY,<br>#2201 Al Saqr Business Tower, SZR<br>P.O. Box 9671<br>Dubai, United Arab Emirates<br><br>and<br><br>BASSMA EL-AFGHANI,<br>#2201 Al Saqr Business Tower, SZR<br>P.O. Box 9671<br>Dubai, United Arab Emirates<br><br>and<br><br>MARIA CRISNEL CHIN,<br>#2201 Al Saqr Business Tower, SZR<br>P.O. Box 9671<br>Dubai, United Arab Emirates<br><br>Defendants. | Case No. 2018 CA 004936 B<br><br>**JURY DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, RGI EVENTS & PUBLIC RELATIONS, LLC (hereinafter, "RGI"), by and through counsel, Peter Anthony Jabaly and Anthony R. Coppola of Coppola & Jabaly, PLLC, file this complaint, asserting claims for breach of contract, misappropriation of trade secrets and intentional tortious interference with business relationships against Defendants, AL-QURM MANAGEMENT

CONSULTANCY (hereinafter, "QURM") and BASSMA EL-AFGHANI (hereinafter, "AFGHANI") and MARIA CRISNEL CHIN (hereinafter, "CHIN"), arising from AL QURM's breaches of contract and abandonment of its obligations under a services agreement and the individual co-defendants' intentional interference with RGI's vendor agreements after its performance under the RGI-QURM contract.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to D.C. Code § 11-921. The controversy exceeds the sum of $5,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendant in this matter pursuant to D.C. Code § 13-423(a), because this civil action arises from Defendant's transaction of business within the District of Columbia and the contracting to insure the performance of another under an agreement located, executed or to be performed within the District of Columbia.

## PARTIES

3. RGI is a limited liability company registered in the District of Columbia.

4. QURM is presumably a company and is a citizen of Dubai, United Arab Emirates.

5. EL-AFGHANI is an individual who, upon information and belief, is an Egyptian national and a resident of Dubai, United Arab Emirates.

6. CHIN is an individual who, upon information and belief, is a Philippine national and a resident of Dubai, United Arab Emirates.

## FACTS

7. On January 2, 2018, RGI and QURM agreed in writing that RGI would be paid a professional fee for finite services in the amount of $43,000.

8. In a series of additions and changes to the original contract ("add-ons"), QURM expanded the scope of the January 2 Agreement.

9. RGI performed as it was required under its agreement with QURM.

10. RGI organized, coordinated, staffed and managed the QURM event held on February 5-6 2018 in Washington, DC.

11. RGI also coordinated and managed the QURM hotel and domestic and international flight bookings for countless individuals and negotiated preferred rates with vendors with whom RGI had long-standing relationships.

12. Save for certain hotel accommodations, vendors such as security, signage, customized items, transportation, travel, food, staffing, photography, staging and flowers were all directly hired by RGI.

13. After the event, a final budget close out was sent to QURM on February 23, 2018.

14. Subsequent to being given the final budget close out, QURM raised issue with the cost of the event.

15. As a gesture of good faith, the remaining money being held by RGI was unilaterally and temporarily given to QURM pending a more extensive budget investigation.

16. After the more extensive budget investigation was completed, RGI invoiced QURM for the amount owed: $38,655.33.

17. To date, QURM has not paid the outstanding amount of $38,655.33 for additional event costs; specifically travel.

18. QURM, by and through Bassma Al-Afghani and Maria Crisnel Chin, did contact *via* email and telephone numerous vendors with whom RGI had contractual relationships.

19. Defendants repeatedly telephoned the transportation company with whom RGI routinely contracts for her events demanding sensitive, confidential financial information.

20. Defendants telephoned the print media company with whom RGI routinely contracts for her events demanding sensitive, confidential financial information.

21. During the conversation with the print media company, sensitive and confidential information was obtained during this telephone conversation.

22. The print media vendor gave the total paid by RGI for the event.

23. When the print media vendor asked who was calling, the caller identified themselves as 'Bassma,' but did not give her employer's name. The caller is believed to be Ms. Bassma Al-Afghani.

24. During the telephone calls to the print media vendor and the transportation vendor, Defendants gave the intentionally false impression that they were calling from RGI. The caller identified herself as the person who paid for the invoice.

25. When the transportation vendor realized it was not RGI on the telephone and told the caller to reach out to RGI for any information related to her event, the caller abruptly hung up.

26. Defendant-QURM, by and through Ms. Chin, emailed hotel management with whom RGI routinely contracts for her events and has close working relationships asking for sensitive, confidential financial information related to other vendors with whom RGI directly contracts.

27. Despite being told not to interfere with RGI's business relationships, Defendants continued to contact vendors asking for pricing information and other business/confidential information.

### COUNT I – BREACH OF WRITTEN CONTRACT

28. Plaintiff realleges and incorporates all preceding paragraphs.

29. As alleged above, RGI contracted with QURM to provide event coordination and various other add-on services.

30. RGI and QURM agreed that RGI would provide these services for a fee of $43,000 plus additional fees for add-ons.

31. QURM failed to pay the bargained-for compensation.

32. RGI has suffered and will continue to suffer damages for this breach of contract count in an amount to be determined at trial, but believed to be in excess of $38,655.33.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS

33. Plaintiff realleges and incorporates all preceding paragraphs.

34. The January 2 Agreement states expressly that "[QURM] recognizes this business agreement and relationship is a confidential nature and agrees to pursue any perceived wrongs arising from this relationship through appropriate legal channels in the District of Columbia."

35. The competitive vendor pricing is of a confidential nature and qualifies as a trade secret.

36. Defendants obtained the trade secret by calling vendors when they had agreed to treat the agreement and the relationship it represented as confidential in nature and to seek legal recourse in the District of Columbia.

37. Defendants were clearly aware of the nature of the business relationship RGI had with the vendors.

38. Defendant-QURM hired RGI partially because of the nature of RGI's relationships with high quality vendors like them.

39. Defendants, Afghani and Chin, are employees of QURM who have presumed familiarity with the January 2 Agreement.

40. Defendants wrongly interfered, by wrongful or improper means, with the vendor agreements by contacting the vendors and demanding information that Defendants knew to be of a confidential nature.

41. Furthermore, the Defendants concealed their true identity and gave the false impression that they were RGI.

42. Defendants misrepresented to the vendors that they paid the invoices – vendors invoice, save for one hotel bill, were paid directly by RGI.

43. RGI has suffered and will continue to suffer damages in an amount to be determined at trial, but believed to be in excess of $50,000.

**COUNT III – INTENTIONAL TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

44. Plaintiff realleges and incorporates all preceding paragraphs.

45. RGI had contractual relationships with the vendors described herein and a history of working with them.

46. RGI entered into agreements with the vendors for the QURM event.

47. Defendants were clearly aware of the nature of the business relationship with the vendors. Defendant-QURM hired RGI partially because of the nature of RGI's

relationships with them. Defendants, Afghani and Chin, are employees of QURM who have presumed familiarity with the January 2 Agreement.

48. Defendants wrongly interfered, by wrongful or improper means, with the vendor relationships by contacting the vendors, giving the false impression that they were authorized to obtain the secret and confidential information.

49. Defendants misrepresented to the vendors that they paid the invoices – vendor invoices, save for the hotel, were paid directly by RGI.

50. All this harmed RGI's vendor relationships and RGI's overall reputation with them.

51. All this was done despite RGI performing under the Agreement.

52. RGI has suffered and will continue to suffer damages in an amount to be determined at trial, but believed to be in excess of $50,000.

WHEREFORE, RGI prays for judgment as follows:

1. That the Court adjudicate and declare that QURM materially breached its obligations under the Agreement; namely, that it failed to pay.

2. That the Court determine that the amount of damages are a total of $138,655.33 or possibly higher;

3. That the Court award exemplary damages;

4. That the Court award RGI attorneys' fees and costs; and

5. That the Court award RGI such other and further relief as the Court may deem just and equitable.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues triable to a jury.

Dated: July 11, 2018               Respectfully submitted,


                                   By: /s/ **Peter Anthony Jabaly**
                                   Peter Anthony Jabaly (D.C. 992583)
                                   Anthony R. Coppola (D.C. 74788)
                                   Coppola & Jabaly, PLLC
                                   218 North Lee Street
                                   Third Floor
                                   Alexandria, Virginia 22314
                                   Telephone: (703) 209-2355
                                   Facsimile: (703) 543-0698
                                   peter@coppolajabaly.com
                                   *Counsel for RGI Events & Public Relations, LLC*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

RGI EVENTS & PUBLIC RELATIONS, LLC
 Vs.               C.A. No.  2018 CA 004936 B
AL QURM MANAGEMENT CONSULTANCY et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                     Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date: July 12, 2018
Initial Conference: 9:30 am, Friday, October 19, 2018
Location: Courtroom 317
     500 Indiana Avenue N.W.
     WASHINGTON, DC 20001

                                  CAIO-60

**ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

CAIO-60