UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RGI EVENTS & PUBLIC RELATIONS, LLC, | ) |
| Plaintiff, | ) Case No. 1:18-cv-01828-BAH |
| v. | ) |
| AL QURM MANAGEMENT CONSULTANCY, et al. | ) |
| Defendants. | ) |

**DEFENDANT THIRD-PARTY PLAINTIFFS' RESPONSE TO THIS COURT'S
NOVEMBER 13 ORDER TO SHOW CAUSE**

**COMES NOW** the named Defendants and third-party plaintiffs herein, Al Qurm Management Consultancy (AQC), Bassma El-Afghani, and Maria Chin, and hereby respectfully respond to this Court's November 13, 2018, Order to Show Cause as to why the Third-party Complaints filed by AQC, and El-Afghani and Chin, should not be dismissed for want of prosecution. While the third-party plaintiffs are clearly late in providing this Court with proof of service on the respective third-party defendants (Rachael Glaws, Grace Maze, and Crystal Limousines) this was not due to a lack of diligence on their part. As detailed herein, there is good cause to submit proof of service after the November 8 deadline.

As the Declaration from Michael Goldstein, Esq., one of the firm's associates, and the certified mail receipts indicate, the third-party plaintiffs have had unusual and time-consuming difficulties in serving two of the third-party defendants (Crystal Limousines and Grace Maze). Based on our associate and law clerk's research, Crystal Limousines, for example, does not appear to be the actual name of the business involved in the transactions at issue in the case. But the third-party plaintiffs had no reason to know at this at the time the Third-party Complaints were originally served because they relied on the name listed on the invoice from the company for work done in

connection with AQC's interfaith conference (the invoice). Similarly, the third-party plaintiffs had no reason to know, or to not believe, that the address listed on the invoice (1010 Ruritan Circle, Sterling, VA 20164) was the not the proper address for service purposes.

While waiting for the green cards indicating AQC's Third-party Complaint was delivered and received via certified mail by third-party defendants Maze and Crystal Limousines, undersigned counsel's firm felt that service would be more proper if they served the company's agent. *See* Declaration of Michael Goldstein. Hence, they mailed another copy of the Third-party Complaint upon Crystal Limousine's registered agent, Azhar Iqbal. This was a couple weeks after it was originally served via certified mail. On Virginia's State Corporation Commission website, there was no company named Crystal Limousines operating in Sterling, VA, as represented in the invoice the third-party plaintiffs received. But further research into transportation companies located in Sterling, Virginia, as well as the looking up of the company's website, indicated that the company that lines up with the limousine company which performed the services as RGI Events and Public Relations' (RGI) vendor for the interfaith conference was Crystal Classic Coach, Inc., which appeared to use the same logo that appeared on the invoices for the conference.

But there are several Sterling, Virginia addresses associated with that company, including the original address used for service (1010 Ruritan Circle), and two addresses listed for Mr. Iqbal (e.g., 45541 Hutchens Square, Sterling, VA 20166). Because the Hutchens Square address appeared under Mr. Iqbal's name when one looks up Crystal Classic Coach, Inc. (*see* Registered Agent Inquiry from VA State Corporation Commission Website), the third-party plaintiffs sent another copy of AQC's third-party complaint via certified mail to that address in late September.

After not hearing back for some time again on either of the certified mail envelopes that were sent out, the third-party plaintiffs engaged a process server (Mr. Jackson) on or around October 17, 2018, to serve the Third-party Complaints. Armed with a list of the addresses that

were associated with Crystal Limousines and Crystal Classic Coach, Mr. Jackson delivered a copy of the Third-party Complaint with a summons to Mr. Iqbal's residence; the summons and complaint were received by a blood relative of his.[1] *See* October 22, 2018, Proof of Service. Thereafter, third-party plaintiffs mailed out a copy to the same address.

For third-party defendant Maze, as she did not appear to be a full-time employee of RGI, the third-party plaintiffs conducted a background check and found her last known address as 880 New Jersey Ave., S.E., Washington, D.C. 20003. This was the address used for the mailing out of AQC's Third-party Complaint against her on September 7, 2018. No green card indicating delivery and receipt of the Complaint to her residence was ever received. Hence, on October 17, 2018, the same date when the third-party plaintiffs engaged Mr. Jackson to track down Crystal Limousines for service, they also engaged Mr. Jackson to track down Ms. Maze.

Sometime after serving Mr. Iqbal's residence, Mr. Jackson sought to serve Ms. Maze but was having difficulties of his own. Upon arriving at her residence, he realized it was a large apartment complex and was not able to find out her exact apartment unit number. After more time and more research, Mr. Jackson was able to discover the unit number. Hence, he headed back to her apartment complex and was able to successfully serve one of Ms. Maze's roommates on November 14. The third-party plaintiffs will be mailing out a copy as well to her as soon as practicable.

Notwithstanding the foregoing difficulties, the third-party plaintiff's service delay was exacerbated by a 10-day delay from the clerk's office (summonses filed on 8/24/18 and issued by clerk on 9/5/18 and 9/6/18). After multiple calls from the third-party plaintiffs' firm regarding the

---

[1] The third-party plaintiffs would like to point out to the Court that no answer has been filed by Crystal Limousines (or Crystal Classic Coach, Inc.) to the date of this filing and that no attempts have been made to reach out to undersigned counsel by Mr. Iqbal or anyone associated with that entity concerning the Third-party Complaint against it.

summonses, the summonses requested for serving both Third-party Complaints were finally stamped and approved.

Lastly, in the interest of judicial economy, the third-party plaintiffs did not file proof of service for Rachael Glaws and Crystal Limousines before the November 8th deadline because they were hoping to serve everyone before then and submit proof altogether. This was especially true given that they originally tried to serve each third-party defendant two months before the deadline. They would also ask the Court to take notice of the fact when making its determination that Ms. Glaws already submitted responses to both Third-party complaints filed as to her (*see* ECF No. 14), which indicates she received copies of them. Moreover, and further underscoring the third-party plaintiffs' diligent attempts at serving Maze and Crystal Limousines with process, they even asked counsel for RGI and Rachael Glaws if they had heard anything in regard to their attempts to serve Maze and Crystal Limousines and essentially if they could be of any assistance, to which they received no reply.

Based on the foregoing reasons, and the accompanying affidavits, it is respectfully submitted that good cause exists as to filing the accompanying proof of service for the third-party complaints out of time, and to prevent the entry of an order of dismissal for want of prosecution.

Dated: November 19, 2018                              /s    *Martin McMahon*
                                                      Martin F. McMahon, Esq.
                                                      Martin F. McMahon & Associates
                                                      1717 K Street, NW Suite 900
                                                      Washington, D.C. 20006
                                                      mm@martinmcmahonlaw.com
                                                      202-862-4343