UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RGI EVENTS & PUBLIC RELATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AL QURM MANAGEMENT CONSULTANCY, *et al.*, <br><br> Defendants. | Civil Action No. 18-1828 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION AND ORDER

This removed action raises D.C. contract and tort law claims related to event planning services that the plaintiff, RGI Events & Public Relations, LLC ("RGI"), provided to defendant Al Qurm Management Consultancy ("AQC"), a corporation, and two of AQC's employees, Bassma El-Afghani and Maria Chin (the "Individual Defendants"). *See* Compl., ECF No. 1-1; Defs.' Resp. to Order to Show Cause ("Defs.' Resp. to Order") ¶ 2, ECF No. 27. As discussed below, this Court lacks jurisdiction to review the merits of those claims. Accordingly, this action shall be remanded to the Superior Court of the District of Columbia ("D.C. Superior Court").

## I. BACKGROUND

RGI initially filed this action in D.C. Superior Court against three defendants—AQC, a corporation, and two AQC employees, Bassma El-Afghani and Maria Chin—asserting D.C. law claims for breach of contract, misappropriation of trade secrets, and tortious interference with business relations. *See* Compl.; Defs.' Resp. to Order ¶ 2. The defendants removed the case to this Court, *see* Notice of Removal, ECF No. 1, which removal RGI did not contest.

Subsequently, defendant AQC filed counterclaims against RGI, as well as a third-party complaint against Rachael Glaws, the sole member of RGI, and two others. *See* AQC's Answer,

1

Third-Party Compl., and Countercls., ECF No. 6; AQC's Suppl. Countercls. with Exs., ECF No. 9. The Individual Defendants also filed a third-party complaint against Ms. Glaws. *See* Individual Defs.' Third-Party Compl., ECF No. 7. The parties then filed several dispositive motions against each other. Specifically, pending before the Court are (1) the Individual Defendants' Joint Motion to Dismiss RGI's Complaint, ECF No. 8; (2) RGI's Motion for Judgment on the Pleadings, ECF No. 12; and (3) RGI and Rachael Glaws's Joint Motion to Dismiss Defendants' Counterclaims and Third Party Complaints, or a Motion for Summary Judgment in the Alternative, ECF No. 14.

The Court, in reviewing the parties' filings, questioned its subject matter jurisdiction *sua sponte* and ordered the defendants, which bear the burden of pleading jurisdiction in this removed action, to show cause why the Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* Min. Order (Feb. 9, 2019). The defendants submitted a sparse response totaling three paragraphs. *See* Defs.' Resp. to Order. RGI did not file any opposition. For the reasons explained below, upon consideration of the defendants' response and the entire record, the Court concludes jurisdiction is lacking. Thus, this action is remanded to D.C. Superior Court, and the pending motions are denied as moot.

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . . , and the court's order remanding the case to the state court whence it came 'is not reviewable on

appeal or otherwise.'" *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c) and quoting *id.* § 1447(d)).  Due to the statutory prohibition of appellate review of remanded cases, the legal standard for removal has largely been developed by the district courts.

The defendants, as the parties seeking the exercise of federal court jurisdiction over this removed case, "bear[] the burden of pleading" the basis for jurisdiction.  *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted); *Apton v. Volkswagen Grp. of Am., Inc.*, 233 F. Supp. 3d 4, 11 (D.D.C. 2017).  If the defendants are unable to make this showing, a "court must remand the case." *Johnson–Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) (citing 28 U.S.C. § 1447(c)).

"In light of the significant federalism concerns involved, this court 'strictly construes the scope of its removal jurisdiction.'" *Moses v. SunTrust Mortg., Inc.*, No. 11-cv-00822 (BJR), 2012 WL 113375, at *2 (D.D.C. 2012) (quoting *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 100 (D.D.C. 2008)); *accord Wells Fargo Bank, N.A. v. Wilson*, No. 18-cv-2381 (RC), 2019 WL 340717, at *1 (D.D.C. Jan. 28, 2019).  Even "[w]here the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand." *Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 56 (D.D.C. 2017) (internal quotation marks omitted) (quoting *Johnson–Brown*, 257 F. Supp. 2d at 177).

## III. DISCUSSION

The defendants contend that this action is properly removed, based on diversity jurisdiction under 28 U.S.C. § 1332.  Notice of Removal ¶ 3.[1]  Section 1332 provides that federal

---

[1] The defendants also initially invoked federal question jurisdiction, 28 U.S.C. § 1331, claiming that RGI's D.C. law claims "arise under" the "United Nations Convention on the Law Applicable to Contracts for the International Sale of Goods" ("U.N. Convention"), a "treaty of the United States." Notice of Removal ¶ 3. The defendants later abandoned this theory, specifying only diversity as the "basis for this Court's jurisdiction." Joint

courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." *Id.* § 1332(a)(2). Thus, subject matter jurisdiction over any action raised in diversity must satisfy a two-prong inquiry: the amount in controversy must exceed $75,000, and the litigants must be diverse from one another. *See id.* The defendants have not sufficiently pleaded either requirement, neither of which is apparent on the face of the Complaint.

## A. Amount in Controversy

Diversity jurisdiction requires that the "the matter in controversy exceeds the sum or value of $75,000." *Id.* § 1332(a). RGI's Complaint includes three counts for damages. Compl. ¶¶ 28–52. Count I seeks $38,655.33 for a breach of contract claim against AQC only. *Id.* ¶¶ 28–32. Counts II and III—for misappropriation of trade secrets and tortious interference with business relations, respectively—include claims against all three defendants. *Id.* ¶¶ 33–52. For each of these latter two counts, damages are "in excess of $50,000." *Id.* ¶¶ 43, 52. Thus, none of RGI's claims exceed $75,000.

Undaunted, the defendants argue for two amount-in-controversy calculations, based on aggregation of RGI's claims, to satisfy the $75,000 threshold. In the defendants' view, aggregated damages for (1) RGI's claims against AQC, in Counts I through III, equal "at least $138,655.33," Notice of Removal ¶ 3; and (2) the claims against all three defendants, in Counts II and III, exceed $100,000, Defs.' Resp. to Order ¶ 3. Each calculation is reviewed in turn.

---

Report of Rule LCvR 16.3(c) Planning Meeting at 4, ECF No. 21. RGI's D.C. law claims for breach of contract, misappropriation of trade secrets, and tortious interference do not remotely raise a federal question. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("Since a defendant may remove a case only if the claim could have been brought in federal court . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'").

First, the defendants initially argued, in a single sentence and without legal authority, that the amount-in-controversy requirement is met because "the Plaintiff has alleged damages in the amount of at least $138,655.33." Notice of Removal ¶ 3. Although the defendants' cursory explanation fails to indicate which aggregation rule justifies using this amount, the defendants appear to have aggregated all of RGI's claims against AQC in Counts I through III.

A plaintiff's claims "against a single defendant" may be aggregated to satisfy the $75,000 jurisdictional threshold. *Gordon v. Aetna Life Ins. Co.*, 467 F.2d 717, 725 n.13 (D.C. Cir. 1971) (emphasis and internal quotation marks omitted) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)); *accord Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018). Aggregating RGI's claims against AQC, however, does not result in an amount in controversy above $75,000. Count I seeks $38,655.33 from AQC, Compl. ¶ 32, and the remaining two Counts, which include claims against all three defendants, do not specify a separate amount in controversy for the claims against AQC, *see id.* ¶¶ 33–52. Therefore, the aggregated amount in controversy for RGI's claims against AQC is unknown. *See McIntosh v. Gilley*, 753 F. Supp. 2d 46, 62 (D.D.C. 2010) ("[J]urisdiction under section 1332(a) can only be sustained against those defendants whose respective controversies individually involve matters exceeding the jurisdictional amount." (internal quotation marks and citation omitted)); *see also Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) (denying aggregation for a plaintiff's multiple claims against a defendant because the plaintiff had not "alleged a separate amount in controversy against" the defendant).

Second, after the Court questioned the defendants' initial aggregation theory and ordered the defendants to clarify why aggregation is permissible, *see* Min. Order (Feb. 9, 2019) ¶ 3, the defendants submitted a bare, one-paragraph explanation, Defs.' Resp. to Order ¶ 3. This time,

the defendants claimed that the amount-in-controversy requirement may be satisfied by aggregating Counts II and III, for more than $50,000 each, because these counts include misappropriation and tortious interference claims against all three defendants. *Id.*

This aggregation theory suffers a fatal flaw, however. "Claims against multiple defendants can be aggregated only when the defendants are jointly liable to the plaintiff." *GenopsGroup LLC v. Pub. House Invs. LLC*, 67 F. Supp. 3d 338, 342 (D.D.C. 2014) (collecting cases); *accord Theus v. Ally Fin., Inc.*, 98 F. Supp. 3d 41, 46 (D.D.C. 2015); *McIntosh*, 753 F. Supp. 2d at 62; *Rogers v. Nathan*, 721 F. Supp. 1393, 1394 (D.D.C. 1989). Removing defendants may demonstrate joint liability by, for example, pointing out that the plaintiff "seek[s] to hold defendants jointly liable," or providing "indicia of corporate relationship" between the defendants to show joint liability will attach. *GenopsGroup LLC*, 67 F. Supp. 3d at 342.

Here, the defendants have not shown that aggregation of the claims in Counts II and III, for the defendants to meet the $75,000 threshold, is appropriate under a joint liability rationale. Indeed, the defendants concede that RGI's "Complaint makes no explicit reference to 'joint and several liability,'" Defs.' Resp. to Order ¶ 3, and RGI has been silent about whether it seeks to hold the defendants jointly liable. Moreover, aside from stating that the Individual Defendants are "employees of AQC," *id.* ¶ 2, the defendants fail to provide any information about the Individual Defendants' roles within AQC's corporate structure to demonstrate that the Individual Defendants may be held liable for acts by AQC, or for each other's acts. *See Middle Tenn. News Co.*, 250 F.3d at 1081 (finding aggregation inappropriate when there was "no evidence that justifies piercing the corporate veil and holding [an individual defendant] liable for corporate debts"); *N. Am. Fin. Grp., LLC v. Suburban Air Sys., Inc.*, No. 96 CIV. 2330 (JSM), 1996 WL

345790, at *1 (S.D.N.Y. June 24, 1996) (refusing to aggregate claims on the basis that the individual defendants were "owners and employees of" a defendant corporation). Similarly, the defendants leave unanswered whether AQC may be held liable for the Individual Defendants' acts. *See N. Am. Fin. Grp., LLC*, 1996 WL 345790, at *1 (concluding aggregation was impermissible when "no basis" was provided for holding a defendant corporation "vicariously liable for" individual defendants' actions). Thus, the "defendants have not suggested—let alone demonstrated—that they are jointly liable for" the claims in Counts II and III. *GenopsGroup LLC*, 67 F. Supp. 3d at 342.

In a last gasp argument, the defendants contend that Counts II and III "refer to the damages caused by and claimed collectively against 'the Defendants,'" implicitly indicating that RGI seeks to hold all three defendants jointly liable. Defs.' Resp. to Order ¶ 3. The defendants offer no legal support for this position. *See id.* Indeed, contrary to the defendants' position, aggregation has been found to be inappropriate when the sole basis for purported joint liability is the fact that a single count includes claims against multiple defendants. *See Shirk v. Gonzales*, No. 17-CV-1129 MCA/KK, 2018 WL 2411601, at *3 (D.N.M. May 29, 2018) (explaining that even though "Count II is brought against both Defendants," aggregation would be inappropriate because "neither party addresse[d] whether Defendants would be jointly liable under Count II").

Furthermore, contrary to the defendants' suggestion that the allegations in Counts II and III are "collectively" against the defendants, Defs.' Resp. to Order ¶ 3, the Complaint identifies "separate and distinct" torts by each of the Individual Defendants, suggesting joint liability may not be contemplated, *GenopsGroup LLC*, 67 F. Supp. 3d at 342. For example, RGI's misappropriation and tortious interference claims are rooted in allegations that Individual Defendant El-Afghani wrongfully called RGI's "print media vendor" and "transportation

7

vendor" to obtain "sensitive and confidential information," Compl. ¶¶ 21–24, while Individual Defendant Chin separately emailed RGI's "hotel management" contact to obtain other "sensitive, confidential financial information," *id.* ¶ 26. The Complaint does not allege that these two defendants acted together or were directed by AQC to engage in those allegedly wrongful acts. Additionally, the misappropriation and tortious interference claims stem from confidentiality obligations in RGI's event-planning services contract with AQC, *see id.* ¶¶ 7, 34, 47, and the defendants admit that RGI has not alleged the Individual Defendants are "parties to any contract" with RGI, Defs.' Resp. to Order at 3 n.1; *see also GenopsGroup LLC*, 67 F. Supp. 3d at 342 (concluding a plaintiff did not "seek to hold defendants jointly liable" because the "plaintiff's claims arise out of separate contracts").

Although the Complaint includes allegations that the "Defendants" wrongfully contacted RGI's vendors to obtain confidential information, *see, e.g.*, Compl. ¶¶ 18, 27, suggesting collective action, other allegations appear to separate liability among the defendants, *see, e.g.*, Compl. at 3–4 (claiming liability due to the "individual co-defendants' intentional interference"); *id.* ¶ 23 (alleging a tort committed by Individual Defendant El-Afghani alone); *id.* ¶ 26 (pleading tort committed by AQC, "by and through" Individual Defendant Chin, without reference to Individual Defendant El-Afghani). Aggregation in the face of such ambiguity is inappropriate. *See Devito v. Wood*, No. 2:09-CV-423-FtM-36DNF, 2011 WL 13175834, at *4 (M.D. Fla. Aug. 2, 2011) (denying request for aggregation because "[i]n some paragraphs," the plaintiff appeared to be asserting claims against defendants jointly, and "[i]n other paragraphs," the plaintiff appeared to be suing an individual defendant "as an individual"); *see also Johnson–Brown*, 257 F. Supp. 2d at 177 ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").

The defendants fail to show that aggregation of Counts II and III is proper. Thus, the amount-in-controversy requirement has not been satisfied, and diversity jurisdiction is lacking.

B.  **Diversity of Citizenship**

Second, even if the amount-in-controversy requirement had been satisfied, jurisdiction under § 1332 requires diversity of citizenship between the parties, such as when the action is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The defendants allege diversity because RGI, a limited liability company, is "domiciled in Washington, D.C.," and the three defendants are all citizens of the United Arab Emirates. *See* Notice of Removal ¶ 3; Defs.' Resp. to Order ¶¶ 1–2. In relevant part, the defendants posit that RGI is "domiciled in" Washington, D.C. since the Complaint lists RGI's business address in Washington, D.C., and RGI filed a "'domestic entity' business license filing" with the D.C. government. Defs.' Resp. to Order ¶ 1.

The defendants' rationale ignores the Court's order, which asked the defendants to provide RGI's citizenship under § 1332, and explained that an LLC's citizenship is determined by the citizenship of its members. *See* Min. Order (Feb. 9, 2019) ¶ 1 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990), and *Hoch v. Eli Lilly & Co.*, 736 F. Supp. 2d 219, 220–21 (D.D.C. 2010)). Thus, when an LLC's sole member is an individual, the LLC's citizenship is determined by that individual's domicile. *See Herbin v. Seau*, 317 F. Supp. 3d 568, 572 (D.D.C. 2018) ("For purposes of assessing diversity jurisdiction, an individual is a citizen of the state in which she is domiciled." (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984))). Domicile, in turn, requires "'physical presence in a state' as well as the 'intent to remain there for an unspecified or indefinite period of time.'" *Id.* (quoting *Prakash*, 727 F.2d at 1180).

Here, the defendants merely allege that RGI's sole member, Rachael Glaws, "resides in Virginia." Defs.' Resp. to Order ¶ 1. This "residency allegation," however, "raises a threshold

9

problem" because "an allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction." *Novak*, 452 F.3d at 906 (emphasis in original) (internal quotation marks and citation omitted). The defendants neither provide Ms. Glaws's domicile, nor suggest whether she intends to remain in Virginia. *See* Defs.' Resp. to Order ¶ 1.

The Court is unable to determine RGI's citizenship due to the defendants' failure to provide Ms. Glaws's domicile, even after the Court specifically asked for "the state in which each member" of RGI "is domiciled." *See* Min. Order ¶ 1 (Feb. 9, 2019). The defendants' pleading defect is "not a mere technicality" because "[c]itizenship is an essential element of federal diversity jurisdiction," *Novak*, 452 F.3d at 906, and the "party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action," *id.* (internal quotation marks and citation omitted). Accordingly, this action is remanded to D.C. Superior Court, and the three pending motions are denied as moot. *See Simon v. Mitchell*, 199 F. Supp. 3d 244, 246 (D.D.C. 2016) ("Because a . . . district court, acting *sua sponte*, may raise the court's lack of subject matter jurisdiction, a court may also issue a remand order on its own initiative.").

## IV. CONCLUSION AND ORDER

Upon consideration of the memoranda, exhibits, and declarations submitted in support of, and opposition to, the pending motions, and the entire record herein, for the reasons set forth in in this Memorandum Opinion and Order, it is hereby

**ORDERED** that the Clerk of Court shall **REMAND** this action to D.C. Superior Court; and it is further

**ORDERED** that the Individual Defendants' Joint Motion to Dismiss RGI's Complaint, ECF No. 8; RGI's Motion for Judgment on the Pleadings, ECF No. 12; and RGI and Rachael Glaws's

Joint Motion to Dismiss Defendants' Counterclaims and Third Party Complaints, or a Motion for Summary Judgment in the Alternative, ECF No. 14, are **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED**.

Date: February 26, 2019

                                                                        _____
BERYL A. HOWELL
Chief Judge